IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN STEPNOWSKI,

                        Plaintiff,                               OPINION AND ORDER

    v.

                                                      10-cv-691-wmc

DR. PLANK, HEALTH PROFESSIONALS, LTD.,
WINNEBAGO COUNTY JAIL, DEPARTMENT
OF CORRECTIONS, FOX LAKE CORRECTIONAL
and JACKSON CORRECTIONAL,

                        Defendants.

Plaintiff John Stepnowski, an inmate at the Jackson Correctional Institution in Black River Falls, Wisconsin, filed this complaint under 42 U.S.C. § 1983, alleging that he was denied medical treatment for his shoulder. Stepnowski asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915. From the financial affidavit Stepnowski has provided, the court concludes that he is unable to prepay the full fee for filing this lawsuit. Stepnowski has made the initial partial payment of $11.67 required of him under § 1915(b)(1).

The next step is determining whether Stepnowski's proposed action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Although Stepnowski has not met this step, he will be provided an opportunity to amend his complaint.



Copy of this document has been provided to: _____ via ____ this ___ day of ____, 20__ by _____ M. Hardin, Secretary to Judge William M. Conley

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). In his complaint, Stepnowski alleges, and the Court assumes for purposes of this screening order, the following facts.

Plaintiff John Stepnowski is an inmate at the Jackson Correctional Institution in Black Rivers Falls, Wisconsin. Defendant Dr. Plank is a doctor employed by the Aurora Medical Center.[1]

When Stepnowski was arrested, one of the police officers pulled his shoulder the wrong way. He was treated at the Aurora Medical Center by defendant Plank. Dr. Plank grabbed his shoulder three times causing him excruciating pain. Plank ordered x-rays, but not an MRI. Stepnowski was sent to the medical ward in the county jail.

On November 19, 2009, Stepnowski was sent to the Dodge Correctional Institution, where he was seen by Dr. Correl for his shoulder pain. Dr. Correl told him he had to wait until he arrived at the next institution. On February 8, 2010, Stepnowski arrived at the Fox Lake Correctional Institution and was seen by Dr. Larson. Larson gave him a shot in the back of his shoulder, but the pain was in the front of his shoulder.

On July 20, 2010, Stepnowski arrived at the Jackson Correctional Institution. Stepnowski continues to have pain in his shoulder. Dr. Adler told him he should have taken

---

[1]Stepnowski also names as defendants Health Professionals, Ltd., Winnebago County Department of Corrections, Fox Lake Correctional and Jackson Correctional.

care of these issues before he was incarcerated.

OPINION

Stepnowski's complaint suggests that initially he was a pretrial detainee at the Winnebago County Jail and then a prisoner in the custody of the Wisconsin Department of Corrections.  As a pretrial detainee, Stepnowski had a right to adequate medical care under the Fourteenth Amendments's due process clause.  In determining whether this right has been violated, the court of appeals has held that the standard is the same as that under the Eighth Amendment: whether the defendants were "deliberately indifferent to a serious medical need." *Murphy v. Walker* 51 F.3d 714, 717 (7th Cir. 1995).

The Eighth Amendment prohibits prison officials from showing deliberate indifference to prisoners' serious medical needs or suffering. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  To state a deliberate indifference claim, a plaintiff must allege facts from which it may be inferred that he had a serious medical need and that prison officials were deliberately indifferent to that need. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

"Serious medical needs" include (1) conditions that are life-threatening or that carry risk of permanent serious impairment if left untreated; (2) those in which the deliberately indifferent withholding of medical care results in needless pain and suffering; and (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez*, 111 F.3d at 1371-73.  Stepnowski alleges that he has excruciating shoulder pain that has

not been treated, which can be considered a serious medical need.

A prison official has acted with deliberate indifference when the official "knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (citing *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)).  Stepnowski alleges that Dr. Plank at the Aurora Medical Center treated his shoulder after he was arrested.  He does not allege that Dr. Plank was under contract by the state to treat inmates at the jail.  If so, Plank would have been acting under color of state law and liable under 42 U.S.C. § 1983 for any alleged deliberate indifference to Stepnowski's medical condition.  If not, Stepnowski would have no grounds to pursue a deliberate indifference claim against Plank.  Similarly, Stepnowski's allegation that Plank manipulated and x-rayed his arm, but refused to refer him for an MRI of his shoulder, is insufficient to raise the inference that Plank was deliberately indifferent to his serious medical need.  At worst, these allegations may support a claim that Dr. Plank's treatment was negligent, which is not cognizable under § 1983.

Stepnowski does not allege any actions by defendants Health Professionals, Ltd., Winnebago County Jail, Department of Corrections, Fox Lake Correctional and Jackson Correctional.  Further, Winnebago County Jail, Fox Lake Correctional Institution and Jackson Correctional Institution are not individuals who can be sued under 42 U.S.C. § 1983.  The Department of Corrections is a state agency that cannot be sued under the Eleventh Amendment.

In the body of his complaint, however, Stepnowski refers to three doctors, Dr. Correl, Dr. Larson and Dr. Adler, who allegedly failed to treat his shoulder pain.  It is unclear

4

whether he wishes to sue these defendants, however, because he does not list them in the caption or in the section of his complaint where he names the other defendants.   If Stepnowski wishes to proceed against these defendants, he will need to submit an amended complaint with the names of these defendants in the caption and provide greater specifics as to their knowledge of his condition and pain, as well as that his arm and pain were treatable beyond simply allowing it to heal.

Accordingly, Stepnowski will not be allowed to proceed on his Eighth Amendment claim against any defendant at this time.  As set forth below, Stepnowki may amend his complaint to allege that (1) Plank was acting under color of state law as contractor, agent or employee, and (2) Plank, Correl, Larson and Adler were deliberately indifferent to his serious medical need, as opposed to committing negligence or gross negligence, the latter being insufficient grounds for invoking the Eighth Amendment.  *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

Finally, to the extent Stepnowski is asking the court to bring criminal charges against Plank, it cannot do so.  Only the United States Attorney can initiate criminal proceedings in this court.  *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

ORDER

IT IS ORDERED that:

(1)     Plaintiff John Stepnowski's request to proceed on his claims against defendants Health Professionals, Ltd., Winnebago County Jail, Department of Corrections, Fox Lake Correctional and Jackson Correctional is DENIED.

(2)     If plaintiff wishes to proceed on his Eighth Amendment claims against Drs. Plank,

Corel, Larson and Adler, he shall submit an amended complaint with their names in the caption and specific allegations that they each acted with deliberate indifference, rather than merely being negligent, no later than fourteen days after the date of this order.  With respect to Dr. Plank, he shall also submit at the same time an amended complaint alleging that Plank was acting under color of state law.

(3)     If Stepnowski fails to submit any amended complaint within 14 days of the date of this order, the clerk of court is directed to close this case.

Entered this 26th day of July, 2011.

BY THE COURT:

WILLIAM M. CONLEY
District Judge